## CIRCUIT COURT OF ALBEMARLE COUNTY

Linda Lee Wenker et al.

v.

Commonwealth of Virginia

August 22, 1988

Case No. (Law) 3511

By JUDGE HERBERT A. PICKFORD

I agree with the defendant's position that the General Assembly, in enacting the Virginia Tort Claims Act, did not provide for trial by jury of tort claims against it, nor is such a trial of those claims constitutionally mandated. Defendant's motion to strike plaintiffs' demand for a jury trial is sustained, and I decline plaintiffs' invitation to grant a jury trial per Section 8.01-336(C).

Defendant's demurrer and motion to strike are denied. Plaintiffs' motion for judgment must be judged by the facts alleged and inferences which can be fairly drawn therefrom. *See Bowman v. State Bank of Keysville*, 229 Va. 534 (1985) at page 536. The alleged course of conduct attributed to the defendant by said pleading, if supported by the evidence, may well be categorized as reckless, outrageous and intolerable, having caused the severe emotional distress of which plaintiffs complain.

Defendant's motion for summary judgment is sustained as to paragraph 55 (1) of Count I of the motion for judgment as well as Count IV thereof. Plaintiff concedes that *res ipsa loquitur* is an evidentiary presumption and does not itself form the basis for a cause of action. The motion for summary judgment is overruled as it relates to paragraph 5 of Count II. There appears to be a factual issue as

to whether the appropriate standard of care would include obtaining Mr. Wenker's consent to the medical procedure of his wife's bilateral tubal ligation. As for count III's allegations, it is obvious that plaintiffs are alleging violations of duties in addition to those of Code Section 32.1-289 *et seq.* The motion for summary judgment is appropriate as to plaintiffs' invocation of that particular statute as a basis for their claim because the factual allegations do not support a violation thereof. A bill of particulars or discovery yielding similar bases for the duties and obligations plaintiffs allege in Count III would render such bases also susceptible to summary judgment attack. At this stage of the proceedings, however, summary judgment for the defendant as to Count III in its entirety is inappropriate.